UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DAVID ARMSTEAD, #32276-039,

    Petitioner,               Case No.:  06-CV-10627
                                      Crim. No.: 04-CR-50027

                                      HON. PAUL V. GADOLA
vs.                                MAG. JUDGE WALLACE CAPEL, JR.

UNITED STATES OF AMERICA,

    Respondents.

_____/

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

This is a "Petition Under 28 U.S.C. § 2255, Motion to Vacate, Set Aside, or Correct Sentence," filed February 13, 2006. Petitioner, Michael Armstead, claims that the Bureau of Prisons failed to properly compute sentencing credits for the time that Defendant spent in detention prior to sentencing. Petitioner also argues that because 18 U.S.C. § 3585(b), unlike its predecessor 18 U.S.C. § 3568, fails to mention the Attorney General, the district court is authorized to award credit for time spent in official detention prior to the date the sentence commences.

**II.    ANALYSIS**

18 U.S.C. §3585(b) states:

> " A  defendant shall be given credit toward the service of a term of imprisonment for any time he has spent an official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed;or

1

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that is not been credited against another sentence. 18 U.S.C. § 3585 (b).

In <u>United States v. Wilson</u>, 503 U.S. 329, 333-335, 112 S.Ct. 1351 (1992), the Supreme Court addressing the very argument raised by Petitioner, held that only the Attorney General, not the district court, is empowered to calculate § 3568 credits after the prisoner begins the service sentence. A federal district court however, may grant a prisoner claiming the miscalculation of sentencing credits habeas relief pursuant to 28 U.S.C. § 2241. <u>See</u> <u>McClain v.Bureau of Prisons</u>, 9 F.3d 503, 505 (6th Cir.1993). A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. <u>Capaldi v. Pontesso</u>, 135 F.3d 1122,1123 (6th Cir. 1998).

A federal prisoner who seeks to challenge the execution of his sentence however, must file a § 2241 petition in the district court having jurisdiction over its custodian. <u>United States v. Peterman</u>, 249 F.3d 458, 461(6th Cir.2001).

Petitioner, Michael Armstead, is currently in the custody of the Federal Bureau of Prisons at FCI Morgantown, West Virginia. Jurisdiction for this petition resides with the district court having jurisdiction over the warden of that facility, and not the District Court for the Eastern District of Michigan.

### III.  **CONCLUSION**

For the reasons stated above, I respectfully recommend that this Petition Under 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, be transferred to the district court having jurisdiction over the warden at FCI Morgantown, West Virginia.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations.  Further, either party may respond to another party's objections within ten days after being served with a copy thereof.  The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.


            s/Wallace Capel, Jr.
            **WALLACE CAPEL, JR.**
            **UNITED STATES MAGISTRATE JUDGE**

**Date:**   April 14, 2006

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>April 14, 2006</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Mark Jones</u>,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s):  <u> Michael Armstead, #32276-039 </u> .

        <u>s/James P. Peltier</u>
        United States District Court
        Flint, Michigan 48502
        810-341-7850
        E-mail: pete_peltier@mied.uscourts.gov